UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR ALZOKARI,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>*Defendant*. | Civ. A. No. 20-0937 (TSC) |

## PROTECTIVE ORDER

**WHEREAS** the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), requires federal agencies, including Defendant the United States Department of State, to protect the records of individuals about whom they maintain personal information in a system of government records;

**WHEREAS** the Certified Administrative Record ("CAR") that Defendant is presently compiling for production to Plaintiff in this Administrative Procedure Act ("APA") matter may include records and information that is private and confidential and which may be deserving from public disclosure by federal statutory and regulatory requirements, including the Privacy Act;

**WHEREAS** the Court's Minute Order dated June 17, 2020, includes a deadline of August 17, 2020, for Defendant to "produce to Plaintiff a certified administrative record and file a certified list of the contents of the administrative record with the Court in accordance with Local Civil Rule 7(n)";

**WHEREAS** the parties, having met and conferred, wish to resolve this matter amicably and avoid motion practice concerning any challenges to redactions that Defendant would need to apply to the CAR to prevent the disclosure of Privacy Act-protected information in the absence of a stipulated protective order; and

**WHEREAS** the disclosure of Privacy Act-protected information is authorized "pursuant to the order of a court of competent jurisdiction," 5 U.S.C. § 552a(b)(11),

It is now, hereby, **STIPULATED AND AGREED**, by and between the above-captioned parties, and it is now, hereby, **ORDERED AND ADJUDGED**, by this Honorable Court, pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), as follows:

1. Counsel for Defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, provided that the release of such information is reasonably related to the conduct of this litigation.

2. Consistent with this Court's previous Minute Order, on or before August 17, 2020, Defendant's counsel shall serve on Plaintiff's counsel a version of the CAR that does not redact or withhold any material on the basis of the federal Privacy Act. Instead of redacting or withholding information otherwise protected by the Privacy Act, the State Department shall stamp the following on each page of the CAR that contains relevant material: "SUBJECT TO PROTECTIVE ORDER: DO NOT COPY OR DISCLOSE."

3. A party designating information as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such information is in fact deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Civil Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy-notice], for typical examples of material deserving "protected" status.

4. Plaintiff's counsel may, at any time, object to the designation of information in the CAR as protected. In the event of any such objection, the parties agree to confer as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute

to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as protected.

      5.      After receiving a copy of this stamped version of the CAR, Plaintiff and counsel for Plaintiff may not copy, disclose, reveal, transmit, discuss, describe, publish, file, or disseminate in any fashion, in any form, or in any medium, to or with any person or entity who is not a Qualified Recipient (as defined below) any page of the CAR that has been stamped in the manner set forth in Paragraph 1. Nor shall any Qualified Recipient copy any such page (or any portion thereof, or the substance or contents or description thereof) or place or file it in any physical or electronic location, or in any medium, where it may be accessed, retrieved, viewed, reviewed, downloaded, copied, printed, transmitted, or disseminated by or to any person or entity who is not a Qualified Recipient.

      6.      The sole purpose for which Plaintiff or any Qualified Recipient may use any page of the CAR that has been stamped in the manner set forth in Paragraph 1 (or any portion thereof, or the substance or contents thereof) is to prepare for and to litigate genuine issues material to the claims and defenses asserted in this action.

      7.      All Qualified Recipients shall maintain any pages of the CAR that have been stamped in the manner set forth in Paragraph 1 in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such pages as is exercised by that Qualified Recipient with respect to his/her/its own confidential or private information.

      8.      If in any publicly-filed submission to this Court any party to this action quotes from, excerpts, attaches, annexes, or describes any of the pages of the CAR that have been stamped in the manner set forth in Paragraph 1, the filing party must file the motion or other submission in accordance with Local Civil Rule 5.1(h)(1), which requires, in relevant part, that any

document filed with the intention of being sealed shall be accompanied by a motion to seal. The protected information shall then be submitted as an attachment to such motion for leave to file under seal. The movant's motion to seal shall indicate whether any party opposes the request to file the materials under seal. Any party that opposes the motion to seal shall file a response within five business days after the parties receives service of the motion to seal. Also within three business days of the filing of the motion to seal or by a time indicated by this Court, the movant must file on the public docket a copy of the documents in which the Protected Information is redacted. Redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of any protected information and in accordance with the principles set forth in this Protective Order. The filing of materials containing protected information shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Civil Case Files."

9. Except upon obtaining prior leave of this Court, upon conclusion of this action (including any and all appeals) all Qualified Recipients shall immediately return to the United States Attorney's Office for the District of Columbia all copies in their possession of any pages of the CAR that have been stamped in the manner set forth in Paragraph 1. Notwithstanding the foregoing, counsel of record for Plaintiff may retain a complete set of their case files for this matter, including any pages of the CAR that contain protected information, to the extent it is required by the Bar of the jurisdiction in which counsel is located. Legal memoranda and briefs containing protected information and any work product materials containing protected information may also be retained if such documents shall be kept in the possession of counsel of record for Plaintiff and shall not in the future be disclosed contrary to the provisions of this order.

10. Counsel for the parties shall endeavor to avoid revealing protected information in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary

to refer to protected information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this order.

11. The following persons, and only the following persons, are designated "Qualified Recipients" of any page of the CAR that has been stamped as set forth in Paragraph 1:

    a. Plaintiff and any immediate members of his family residing in his household;

    b. Counsel of record for Plaintiff, including any attorneys and any secretarial, clerical, or paralegal personnel employed full-time or part-time by the law office that represents Plaintiff; and

    c. such other persons as may be expressly authorized by the Court.

12. The provisions of this Stipulation and Protective Order shall not be construed as preventing (a) any disclosure of documents or information to any District Judge, Magistrate Judge, or any employee of the Court for purposes of the litigation of this action, or (b) any disclosure for the purpose of the enforcement of criminal laws.

13. The provisions of this Stipulation and Protective Order shall not be construed as limiting or in any way restricting the Defendant's or the United States' use of information or documents contained in the CAR.

14. Nothing in this Stipulation and Protective Order shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

15. Any party may apply to this Court at any time, upon proper notice, for a modification of this Stipulation and Protective Order with respect to the handling or designation of any document or for any other purpose.

**The following amends Paragraph 4:**

Counsel shall confer in good faith in an effort to resolve any dispute regarding designation. If counsel are unable to resolve the dispute, they must first JOINTLY submit, via email to chambers, a clear, concise description of the issue in dispute, each party's position on the disputed issues, and the parties' joint availability for an on-the-record telephone conference. The court will then respond as soon as practicable to schedule a telephone conference and provide the parties with call-in information.

Counsel shall not file any motion related to this protective order without a prior telephone conference with the court and opposing counsel.

Pursuant to the parties' stipulation and the court's amendment to Paragraph 4, it is so ORDERED by the Court on this ___ day of _____, 2020.

_____
TANYA S. CHUTKAN
United States District Judge