UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR ALZOKARI, *Plaintiff*, v. U.S. DEPARTMENT OF STATE, *Defendant*. | Civil Action No. 20-937 (TSC) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant U.S. Department of State (the "Department") moved to dismiss this Administrative Procedure Act ("Act") action because an adequate alternative remedy exists under the procedures available to Plaintiff in the Immigration and Nationality Act ("INA") Section 360(a) (8 U.S.C. § 1503(a)).  Because Congress has provided special and adequate review procedures in the INA, this precludes APA review, and the Complaint must be dismissed.

Plaintiff argues that 8 U.S.C. § 1503(a) is not an adequate alternative remedy for the APA because in his request for relief he "does not, and cannot, seek a declaration that he is a U.S. national."  Pl.'s Opp. at 1.  Yet "[a]n adequate alternative remedy 'need not provide relief identical to relief to relief under the APA, so long as it offers relief of the 'same genre.'"" *Alsaidi v. Dep't of State*, 292 F. Supp. 3d 320, 325 (D.D.C. 2018) (quoting *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (additional citation omitted)).  In this case, the Department revoked Plaintiff's passport because there is insufficient evidence that he is a U.S. national. Compl. ¶¶ 29-30.  Plaintiff requests that the Court set the decision aside on the ground that it is arbitrary and capricious, unsupported by substantial evidence, and contrary to law.  Plaintiff fails to meaningfully distinguish the relief he seeks in the Complaint from the relief he purportedly

does not seek, i.e., a declaration that he is a U.S. national. U.S. passports can only be issued to U.S. nationals. 22 C.F.R. § 51.2. If the Department discovers, as it did here, that it erroneously determined that Plaintiff was a U.S. national, then it is authorized to revoke the passport. 22 C.F.R. § 51.62(a)(2).

Additionally, Plaintiff argues that 8 U.S.C. § 1503(a) is not an adequate alternative remedy because it requires a prima facie showing that he is a U.S. national, which is not required for him to prevail in this action. Pl.'s Opp. at 2. This second argument fails for a similar reason as the first one. If Plaintiff cannot prove that he is a U.S. national (and he essentially concedes in his Opposition that he cannot), it naturally follows that Plaintiff cannot show that the Department's decision to revoke his passport on this very basis was arbitrary and capricious, unsupported by substantial evidence, or otherwise contrary to law.

Moreover, Plaintiff fails to provide support for his argument that 8 U.S.C. § 1503(a) "imposes a substantially higher burden of proof" than APA review. Pl.'s Opp. at 3. To initiate an action under Section 1503(a), a "plaintiff need make only a prima facie case establishing her citizenship by birth or naturalization." *Xia*, 865 F.3d at 652 (citation omitted). This "may be as simple as '[p]resenting proof of a naturalization certificate or passport—even if already administratively cancelled.'" *Alsaidi*, 292 F. Supp. 3d at 326 (quoting *Xia*, 865 F.3d at 652). "The government must then respond with clear, unequivocal, and convincing evidence rebutting the plaintiff's showing of citizenship." *Xia*, 865 F.3d at 652. If Plaintiff cannot make this simple showing, as he acknowledges, he likewise cannot carry his burden of proving that the Department's decision to revoke his passport was somehow arbitrary and capricious in violation of the APA. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Pension Ben. Guar. Corp.*, 839 F. Supp. 2d 232, 246 (D.D.C. 2012)

(burden is on the plaintiff in an APA action to prove how the challenged decision was arbitrary and capricious).

Not only does Plaintiff lack authority, both of the arguments run headlong into established precedent in this and other circuits.  Federal courts have uniformly held that 8 U.S.C. § 1503(a) provides an adequate alternative avenue to assert a citizenship claim in this precise situation in which an individual's passport has been revoked based on the ground that the individual is not a U.S. citizen.  *See Alsaidi*, 292 F. Supp. 3d at 326 (collecting cases; finding that passport holder's ability to seek renewal of her passport by offering proof of her citizenship through *de novo* review in the federal district court where she resided constituted an adequate alternative remedy to achieve the desired relief, precluding an APA claim); *Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 (S.D. Tex. 2016) ("[C]ourts have repeatedly dismissed APA claims challenging the denial of a passport application or a passport revocation on grounds that the holder is not a U.S. national, reasoning that . . . a judicial declaration of citizenship and entitlement to a passport [ ] may be directly sought through 8 U.S.C. § 1503(a).").[1]

An effective concession from Plaintiff that the Department's decision is not arbitrary and capricious because he cannot prove that he is a U.S. citizen does not defeat Defendant's argument that an adequate alternative remedy exists.  It merely provides an additional basis for a

---

[1]    In *Gonzalez Boisson v. Pompeo*, Civ. A. No. 19-2105 (JDB), 2020 WL 2043889 (D.D.C. Apr. 28, 2020), the Court considered the separate question of whether the procedures available under Sections 1503(b) and (c) to persons outside the United States provided an adequate alternative remedy to APA review and concluded that they did not.  That holding does not apply here because, as the *Boisson* court acknowledged, the alternative path available to persons outside the United States under Sections 1503(b) and (c) are "considerably more complicated and onerous" than the procedures available only to persons "within the United States" under Section 1503(a).  As Defendant argued in their motion and on reply, courts uniformly hold that the alternate path available under Section 1503(a) to individuals like Plaintiff who reside within the United States constitutes an adequate alternative remedy that precludes APA review.

dismissal. Defendant respectfully renews its request that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted.

Dated: October 7, 2020    Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Chief, Civil Division

By: */s/ Daniel P. Schaefer*
DANIEL P. SCHAEFER
D.C. Bar No. 996871
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*