UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OMAR MUSLEH ALZOKARI**, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-cv-937 (TSC) |
| **U.S. DEPARTMENT OF STATE,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Omar Musleh Alzokari brings this action against the United States Department of State (the "Department"), alleging that the Department revoked his passport in an unlawful, arbitrary, and capricious manner in violation of the Administrative Procedure Act. The Department filed a motion to dismiss, arguing that Alzokari has failed to state a valid claim for relief. ECF No. 10. For the reasons set forth below, the court will GRANT the Department's motion to dismiss.

**I.   BACKGROUND**

Alzokari was born in Yemen on November 22, 1985, and currently lives in Oxford, Mississippi. ECF No. 1, Compl. ¶¶ 2, 6. Alzokari's father became a naturalized U.S. citizen on May 12, 1980, and Alzokari was issued his first U.S. passport on November 25, 1990. *Id*. at. ¶¶ 6-9. Alzokari first entered the U.S. in 1995 and his passport was renewed in 1995, 2000, 2005, and 2015. *Id.* ¶ 9. Passports "may only be issued to a U.S. national," 22 C.F.R. § 51.2(a), and so Alzokari alleges that the initial issuance of his passport, and each subsequent renewal, necessarily required the Department to find that he was a U.S. national, *see id*. at. ¶¶ 41, 49. On April 13, 2018, the Department revoked Alzokari's most recent passport on the grounds that

1

there was "not sufficient evidence in its possession that he is a U.S. citizen,"[1] and that the Department erred when it issued Alzokari's original passport in 1990. Compl. ¶¶ 29-30, 47-51; *see also* 22 C.F.R. § 51.62(b) (empowering the Department to revoke passports from individuals it determines are not U.S. nationals).

Alzokari sued under the Administrative Procedure Act ("APA") on April 8, 2020, seeking to set aside and hold as unlawful the revocation decision. *Id.* ¶ 1. The Department counters that the court is precluded from reviewing Alzokari's APA claims because Congress created an alternative remedy for individuals such as Alzokari, who claim "a right or privilege as a national of the United States." 8 U.S.C. § 1503(a).

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint should state a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. of Civ. Proc. 8(a)(2). The complaint must contain enough facts to state a claim that is plausible on its face by alleging facts that, if assumed to be true, would allow the court to draw "reasonable inference[s] that the defendant is liable for the misconduct alleged." *Bell Atl. Co. v. Twombly*, 550 US 544, 555-56 (2007); *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); *Ashcroft v. Iqbal,* 556 US 662, 677-78 (2009). The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts

---

[1] Alzokari correctly notes that the proper test is whether Alzokari is a "U.S. national." *See* Compl. ¶ 30 n.1; 22 C.F.R. § 51.2(a).

2

alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).

### III.   ANALYSIS

The APA permits judicial review of agency actions when a plaintiff suffers a "legal wrong because of agency action" or when they are "adversely affected or aggrieved" by that action. 5 U.S.C. § 702. But Congress did not intend this "general grant of review . . . to duplicate existing procedures for review of agency action" or "provide additional judicial remedies in situations where . . . Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). When an alternative remedy exists, courts may not review a claim under the APA or exercise their authority to "hold unlawful and set aside agency action." 5 U.S.C. § 706(2); *see Bowen*, 487 U.S. at 911.

In assessing whether there is an adequate remedy, courts "look for clear and convincing evidence of legislative intent to create a special alternative remedy." *Citizens for Resp. and Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) (internal quotations omitted). An adequate remedy exists when "Congress has provided 'an independent cause of action or an alternative review procedure,'" *id.* at 1245 (quoting *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)), and where the alternative provides "for *de novo* district-court review of the challenged agency action," *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (citations omitted). Because the APA requires only an "adequate" alternative, the purported "'alternative remedy need not provide relief identical to relief under the APA' in order to have preclusive effect." *Citizens for Resp. and Ethics in Wash.*, 846 F.3d at 1245 (quoting *Garcia*, 563 F.3d at 522).

The Department argues that 8 U.S.C. § 1503(a) precludes review of Alzokari's APA claims because it provides him with an adequate remedy.  Section 1503(a) outlines the process by which an individual can obtain judicial review of an agency's decision denying them "a right or privilege as a national of the United States . . . [on] the ground that [the individual] is not a national of the United States."  8 U.S.C. § 1503; *Xia v. Tillerson*, 865 F.3d 643, 655 (D.C. Cir. 2017) (explaining that section 1503 "provides for judicial review of denial of any 'right or privilege' of citizenship, including invalidations of passports or naturalization certificates").  If, as is the case here, an aggrieved party is "within the United States," that individual may seek a "judgment declaring him to be a national of the United States" from the federal district court for the district in which the person resides.  8 U.S.C. § 1503(a).

As numerous courts have found, section 1503(a) provides an adequate alternative remedy to an APA claim where a claimant seeks review of the State Department's determination that they are not a U.S. national.  *See Xia*, 865 F.3d at 655 (stating that 8 U.S.C. § 1503 "provides plaintiffs an adequate avenue to assert their citizenship claims"); *Ali v. U.S. Dep't of State*, Case No. 20-01436 (RJL) 2021 WL 1026068, *3 (Mar. 17, 2021) (dismissing plaintiff's APA claim challenging revocation of passport because section 1503 provides adequate alternative remedy); *Alsaidi v. U.S. Dep't of State*, 292 F. Supp. 3d 320, 326 (D.D.C. 2018) (dismissing plaintiff's APA claim regarding denial of her passport renewal because section 1503 provides an adequate alternative remedy); *Hassan v. Holder*, 793 F. Supp. 2d 440, 445-46 (D.D.C. 2011) (same with respect to passport revocation).

Alzokari argues section 1503(a) is not an adequate alternative remedy because (1) the relief section 1503(a) offers—being declared a U.S. national—is not the relief he seeks, and (2)

4

section 1503(a) requires a higher burden of proof than does an APA claim.  ECF No. 13, Pl. Opp'n at 2-7.  Neither argument is persuasive.

First, Alzokari fails to meaningfully distinguish the relief he seeks from the relief offered by § 1503(a).  He frames his APA suit as a request to set aside the Department's revocation decision, and he maintains that he "is not seeking a declaration that he is a U.S. national." *Id*. at 2.  But the Department revoked Alzokari's passport on the basis that it lacked sufficient evidence that he was a U.S. national, Compl. ¶¶ 29-30, a requirement for a U.S. passport, 22 C.F.R. § 51.2.  For a remedy to be "an adequate alternative," it "need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre.'"  *Garcia*, 563 F.3d at 522 (citation omitted).  The relief offered by section 1503(a)—a declaration that Alzokari is a U.S. national—is certainly of the "same genre" as the relief Alzokari seeks under the APA, because both produce "effectively the same result—a determination that the State Department must treat plaintiff as if he is a U.S. national." *Ali*, 2021 WL 1026068, at *11.

Alzokari's second argument is based on the faulty premise that section 1503(a) demands "a substantially higher burden of proof" because it requires him to make a *prima facie* showing of citizenship.  Pl.'s Opp. at 3.  But as the D.C. Circuit has explained, "[t]he threshold showing required of a section 1503 plaintiff is minimal." *Xia*, 865 F.3d at 656 (noting that "[p]resenting proof of a . . . passport—even if already administratively cancelled—would seem to satisfy that *prima facie* requirement").  The burden then shifts to the government to "establish by clear, unequivocal, and convincing evidence the plaintiff's lack of entitlement to the disputed 'right or privilege' of citizenship." *Id.*  The "minimal" burden imposed on Alzokari under section 1503(a) is thus not sufficient to render § 1503(a) an inadequate alternative to relief available under the APA.  *See Ali*, 2021 WL 1026068, at *8.

The court is sympathetic to Alzokari's frustrations with the Department's conduct in recognizing him as a U.S. national for almost thirty years, only to reverse that determination with minimal explanation. But Alzokari's recourse is through 8 U.S.C. § 1503(a), not the APA. *See Hassan*, 793 F. Supp. 2d at 442-43 (noting that although multiple inconsistent decisions from the government over a span of many years created an understandable frustration, no action was cognizable under the APA with respect to the revocation of plaintiff's passport). If Alzokari believes he is a U.S. national and that the Department erroneously revoked his passport on that basis, he may pursue a claim under section 1503 in the U.S. district court in the district where he resides.

### IV. CONCLUSION

For the reasons explained above, the court will GRANT the Department's motion to dismiss.